UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MAX NARCISSE, JR.,                              :
                                                :
                Petitioner,                     :            **MEMORANDUM AND ORDER**
                                                :
        -against-                               :            **16-cr-554 (DLI)**
                                                :            **18-cv-4092 (DLI)**
UNITED STATES OF AMERICA,                       :
                                                :
                Respondent.                     :
------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On July 13, 2018, Max Narcisse, Jr. ("Petitioner") filed a motion to vacate, set aside or vacate sentence pursuant to 28 U.S.C. § 2255 (the "Initial Petition") alleging that he had received ineffective assistance of counsel leading up to and during his guilty plea before this Court. *See,* Initial Petition ("Initial Pet."), Dkt. Entry No. 78.[1] On December 9, 2019, Petitioner filed an amended petition (the "Amended Pet.") reasserting his ineffective assistance of counsel claim and adding the claim that his conviction under 18 U.S.C. § 924 must be vacated in light of *Davis v. United States*, 139 S. Ct. 2319 (2019). *See,* Amended Pet., Dkt. Entry No. 112. For the reasons set forth below, the motion is granted as to the vacatur of his firearms conviction and denied as to the ineffective assistance of counsel claim.

## BACKGROUND

On September 27, 2016, Petitioner and his two codefendants robbed the Mill Park Pharmacy, located at 6602 Avenue U in Brooklyn, New York at gunpoint. *See,* Govt. Sent. Mem., Dkt. Entry No. 62, at 1. Shortly after Petitioner and the two codefendants fled the scene, they were arrested by New York City Police Department officers. *Id.* at 2. Petitioner was arraigned the next

---

[1] Unless otherwise noted, all docket entries referred in this Summary Order are from the underlying criminal case, *United States v. Max Narcisse, Jr., et. al.,* under Docket No. 16-cr-554 (DLI).

day by a magistrate judge of this Court on a complaint charging Petitioner and his codefendants with Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a), and possessing and brandishing a firearm in furtherance of that crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii). *See*, Compl., Dkt. Entry No. 1; Minute Entry for Arraignment, Dkt. Entry No. 5. On October 24, 2016, a grand jury of this district indicted Petitioner and the codefendants on the same two counts. *See*, *generally*, Indictment, Dkt. Entry No. 18.

On October 24, 2017, Petitioner pled guilty to both counts of the indictment without a written plea agreement with the government. *See*, Govt. Sent. Mem., at 2; Guilty Plea Hr'g Tr., Dkt. Entry No. 53, at 14. During the guilty plea proceeding, the Court addressed at length letters it had received from Petitioner claiming, *inter alia*, that he was unhappy with the representation of his counsel, Ms. Marion Seltzer, Esq. *Id.*, at 5-114. Petitioner stated, under oath, that he was satisfied with the representation he had received from Ms. Selzer and wished to proceed with her as his counsel. *Id.*, at 13-14. The Court also explained, *inter alia*, the concepts of aiding and abetting liability, Pinkerton liability, the Constitutional rights Petitioner was waiving by pleading guilty, the statutory penalties and estimated Sentencing Guidelines range. *Id.* at 23-41. Petitioner, under oath, stated that he understood everything explained to him by the Court and admitted his involvement in the charged crimes and the Court accepted his plea. *Id.* at 43-51.

On April 12, 2018, the Petitioner was sentenced to 33 months of imprisonment on Count One (Hobbs Act robbery conspiracy) and 84 months of imprisonment on Count Two (brandishing a firearm), to run consecutively to the sentence on Count One followed by three years of supervised release on each count with conditions to run concurrently with each other. *See*, Sentencing Hr'g Tr., Dkt. Entry No. 97, at 43-50.

On July 13, 2018, Petitioner filed the Initial Petition moving to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See*, Initial Pet. Petitioner claimed that he received ineffective assistance of counsel because Ms. Seltzer failed to argue that the Hobbs Act robbery conspiracy charged in Count One of the Indictment did not satisfy the "force clause" under 18 U.S.C. § 924(c)(3)(A) and, therefore, did not qualify as a "crime of violence" for purposes of the firearm charge in Count Two. *Id*. at 4. Specifically, Petitioner contended that Ms. Seltzer should have moved to dismiss Count Two of the Indictment in light of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) because the Hobbs Act robbery conspiracy did not qualify as a "predicate crime of violence." *See*, Initial Pet. at 4.

On August 30, 2018, the Government opposed the Initial Petition. *See*, Gov't's Resp. in Opp'n to the Initial Pet., Dkt. Entry No. 84. On September 10, 2018, the Government filed a supplemental letter informing the Court of the Second Circuit's decision in *U.S. v. Barrett*, 903 F.3d 166 (2d Cir. 2018), *cert*. *granted*, *judgment vacated*, 139 S. Ct. 2774 (2019), and *abrogated by U.S. v. Davis*, 139 S. Ct. 2319 (2019). The Second Circuit had held in *Barrett* that Hobbs Act conspiracy categorically is a crime of violence under 18 U.S.C. §§ 924(c)(3)(A) and 924(c)(3)(B). *See*, 903 F.3d 166, 185.

On June 24, 2019, the Supreme Court decided *Davis* holding that the residual clause under 18 U.S.C. § 924(c)(3)(B) was void for vagueness, expressly overturning *Barrett*. In light of *Davis*, on August 30, 2019, on remand from the Supreme Court, the Second Circuit in Barrett recognized that Hobbs Act conspiracy no longer can be considered a crime of violence under 18 U.S.C. § 924(c). *See*, *Barrett*, 937 F.3d 126 (2d Cir. 2019).

On December 9, 2019, Petitioner filed the Amended Petition reasserting his ineffective assistance of counsel claim and adding the claim that his conviction under 18 U.S.C. § 924(c) must

be vacated based on *Davis*. *See*, *generally*, Amended Pet. In its response filed on February 24, 2020, the Government maintained its position that Petitioner was not denied effective assistance of counsel, but did not object to the vacatur of the brandishing a firearm conviction under 18 U.S.C. § 924(c). *See*, Gov't Letter, Dkt. Entry No. 114.

## LEGAL STANDARD AND DISCUSSION

To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) "his attorney's performance 'fell below an objective standard of reasonableness,' in light of 'prevailing professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 693 (1984)) (citing *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005)). Courts reviewing an ineffective assistance of counsel claim "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'" *Strickland*, 446 U.S. at 689. The Court must "be watchful to eliminate the distorting effects of hindsight." *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (citation and internal quotation marks omitted). Notably, "[a]n attorney's '[f]ailure to make a meritless argument does not amount to ineffective assistance.'" *Diaz v. Marshall*, 2011 WL 2802836, at *8 (E.D.N.Y. July 14, 2011) (quoting *United States v. Noble*, 363 F. App'x 771, 773 (2d Cir. 2010)).

Petitioner asserts that his counsel erred by failing to argue that Hobbs Act conspiracy was not a "crime of violence" under 18 U.S.C. § 924(c). *See*, Amended Pet. ¶ 12(a). However, at the time of Defendant's guilty plea and sentencing, controlling law was clear that such an argument, if raised, would have been futile because the Second Circuit had held consistently that Hobbs Act

4

conspiracy categorically was a crime of violence under 18 U.S.C. §§ 924(c)(3)(A) and (B) and the Supreme Court had not yet ruled otherwise. *See*, *Barrett*, 903 F.3d 166, 85. "A reviewing court must therefore evaluate an attorney's performance in light of the state of the law at the time of the attorney's conduct." *Weingarten v. United States*, F.3d 48, 53 (2d Cir. 2017) (citing *Strickland*, 466 U.S. at 690). "Counsel is not required to forecast changes in the governing law." *Id*. (citation omitted). As such, Petitioner cannot satisfy the first prong of the *Strickland* inquiry. In deciding an ineffective assistance of counsel claim, the Court need not address both prongs of the *Strickland* inquiry if the petitioner makes an insufficient showing on either one. *See*, *Strickland*, 466 U.S. at 694. Accordingly, Petitioner's ineffective assistance of counsel claim is denied.

Petitioner further asserts that, based on the Supreme Court's decision in *Davis*, his brandishing a firearm conviction under 18 U.S.C. §§ 924(c) must be vacated. *See*, Amended Pet. at 6. The Government does not oppose the vacatur of this conviction. *See*, Gov't Letter. In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. On remand from the Supreme Court, the Second Circuit overturned it prior decision in *Barrett*, 903 F.3d 166, holding that Hobbs Act robbery conspiracy no longer is categorically considered a crime of violence under 18 U.S.C. § 924(c), compelling vacatur of Barrett's conviction. *See*, *Barrett*, 937 F.3d 126 (2019). Accordingly, Petitioner's conviction under 18 U.S.C. § 924(c) is vacated.

## **CONCLUSION**

For the reasons set forth above, Petitioner's § 2255 motion is denied as to his ineffective assistance of counsel claim and granted as to the vacatur of his conviction under 18 U.S.C. § 924(c).

SO ORDERED.

Dated: Brooklyn, New York
       September 15, 2021

                                                         /s/
                                      DORA L. IRIZARRY
                                  United States District Judge